

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

WMN:KKO
F.#2009R00637

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

August 11, 2011

By FedEx and ECF

TO: All Counsel of Record
    (See attached list of recipients)

        Re:  United States v. Mousa Khouli, et al.
             Criminal Docket No. 11-340 (ERK)

Dear Counsel:

        Pursuant to Rule 16 of the Federal Rules of Criminal Procedure the government hereby produces discovery with respect to the above-captioned case.  The government hereby also requests reciprocal discovery.

I.    The Defendant's Statements

        Under separate cover, the government will provide you with your client's statements to law enforcement at the time of arrest, if any.

        In addition, the documents described below contain statements made by certain defendants to law enforcement.  Specifically, the documents bearing Bates numbers KHOULI 1949-56 and 2111-22 contain statements made by defendant Khouli and the documents bearing Bates numbers KHOULI 2688-711 contain statements made by defendant Lewis.

II.   The Defendant's Prior Record

        The government will provide you with your client's criminal history report, if any, under separate cover.

III.  Documents and Objects

    A.   Legal Filings

        The government hereby encloses a copy of the complaint filed against defendant Khouli on September 4, 2009 (KHOULI 1949-56).  The complaint was dismissed without prejudice on December 16, 2009.

The government hereby encloses a copy of a seizure warrant and supporting affidavit captioned <u>In the Matter of the Application of the United States of American for a Seizure Warrant for Any and All Funds Currently on Deposit or Transferred to or Through JP Morgan Chase Bank Account No. 0000000391214855, held in the name of or for the benefit of Windsor Antiques, Inc. and any and all Proceeds Traceable Thereto</u>, bearing Eastern District of New York ("E.D.N.Y.") docket number M-09-892 and filed on September 4, 2009. (KHOULI 1871-1920 and 1921-22).

The government hereby encloses a copy of the civil <u>in rem</u> complaint and warrant captioned <u>United States of America v. Various Antiquities, Cultural Property, and Assets Held in the Name of or for the Benefit of Windsor Antiques and/or Mousa Khouli (a.k.a. "Morris Khouli")</u>, bearing E.D.N.Y. docket number Civ. 11-2889 and filed on June 15, 2011. (KHOULI 1830-66 and 1867-70).

The government hereby encloses copies of the applications and orders corresponding to the following judicially-authorized search warrants:

(1) By order dated July 17, 2009, the Honorable Joan M. Azrack, United States Magistrate Judge, Eastern District of New York ("E.D.N.Y."), authorized the search of the premises known and described as electronic e-mail addresses "windsorant@yahoo.com" and [redacted]. (KHOULI 1957-76).

(2) By order dated February 11, 2010, the Honorable Henry B. Pitman, United States Magistrate Judge, Southern District of New York, authorized the search of the premises known and described as Windsor Antiques, 1050 Second Avenue, Booth no. 16, New York, New York. (KHOULI 1977-2010).

(3) By order dated April 8, 2010, the Honorable Robert M. Levy, United States Magistrate Judge, E.D.N.Y., authorized the search of the premises known and described as electronic e-mail addresses "cutyL33@aol.com", "Jlewis8902@aol.com", "wvonhar@aol.com", "ilyak.nyc@gmail.com", "aphroditeart@yahoo.com", "asklepioc@yahoo.com", "elaymanlibzo@yahoo.com", "salim_iman@yahoo.com", "windsorant@yahoo.com", "elhams76@hotmail.com" and "maano21@yahoo.com". (KHOULI 2011-50).

(4) By order dated February 8, 2011, the Honorable Cheryl A. Pollak, United States Magistrate Judge, E.D.N.Y., authorized the search of the premises known and described as "elaymanlibzo@yahoo.com", "salim_iman@yahoo.com" and "aymanek@hotmail.com." (KHOULI 2051-71).

(5) By order dated July 12, 2011, the Honorable R. Steven Whalen, United States Magistrate Judge, Eastern District of Michigan, authorized the search of the premises known and described as 5100 Deer Run Circle, Orchard Lake, Michigan 48323. (KHOULI 1923-48).

(6) By order dated July 12, 2011, the Honorable M. Hannah Lauck, United States Magistrate Judge, Eastern District of Virginia, authorized the search of the premises known and described as 8902 Sawdust Trail, Chesterfield, Virginia. (KHOULI 3592-635).

B. Other Documents

The government hereby encloses a compact disc ("CD") labeled "KHOULI 00000001-1829" which contains scanned copies of Khouli's bank records. (KHOULI 00000001-1829).

The government hereby encloses hard copies of the following documents:

- U.S. Postal Service tracking confirmation records (KHOULI 2075-2093);
- Photographs of a shipment of Luristani bronzes en route to Khouli in October 2006 (KHOULI 2094-2099);
- Trocadero.com printouts for the Windsorantiquities storefront and sale of a terre-crue head (KHOULI 2100-03);
- Photographs of terre-crue head after excavation at Isin excavation site in May 2003 (KHOULI 2104-07);
- Paypal records for Windsor Antiques (KHOULI 2108-10);
- Customs records for entry H67-1324607-1 bearing handwritten statement by Khouli and photographs of "wood panels" presented by Khouli to law enforcement on February 10, 2009 (KHOULI 2111-22);
- Khouli travel records for April 2009 (KHOULI 2123-24);

3

- Customs documents regarding a shipment to Windsor Antiques arriving in September 2009 at the Port of Newark (KHOULI 2125-38);
- Khouli/Windsor Antiques' bank records (KHOULI 2139-2273);
- Agra Services records (KHOULI 2274-687);
- Statements and documents provided by Lewis regarding the coffin of Imesy shipped to Lewis in 2008 (KHOULI 2688-711);
- Bill of sale for painted wooden mummy board from Bollen to Lewis, dated January 9, 2009 (KHOULI 2712);
- Art Loss Registry records for Lewis (KHOULI 2713-67);
- AIG insurance documents for Lewis (KHOULI 2768-3299);
- Lewis's bank records (KHOULI 3300-14);
- Go Daddy Records for holylandnumismatics.com and ancientcoinsandantiques.com (KHOULI 3315-16); and
- Alshdaifat's bank records (KHOULI 3317-592).

The government hereby encloses a CD labeled "KHOULI 3636" which contains an electronic copy of the Department of State inventory of Iraqi artifacts repatriated to the Embassy of Iraq in Washington, D.C., on September 15, 2008. ("2008 Iraq Repatriation Object Inventory FINAL high-res.pdf")

The government hereby encloses a CD bearing Bates number KHOULI 3637 which contains the following documents in electronic format:

- A spreadsheet containing records of funds wired via the Federal Reserve Bank system ("FedWire Funds Transfer System.xlsx")
- UPS records ("UPS 2947 2.pdf")
- A scanned copy of Agra Services' file for a shipment to Windsor Antiques arriving in September 2009 at the Port of Newark ("Newark.pdf")
- Photographs of the coffins contained in the shipment (assorted ".jpg" files)
- AIG report to Lewis regarding 8902 Sawdust Trail, Chesterfield, Virginia ("J. Lewis Report.pdf")
- "ilyak.nyc@gmail.com" e-mail ("ilyak e-mail" folder)
- "aphroditeart@yahoo.com" e-mail ("aphroditeart e-mail" folder)

4

- Egypt's petition for the coffin of Imesy shipped to Lewis in 2008 ("Egypt's petition for the coffin of Imesy" folder)

C. <u>Objects</u>

The government is in possession of the following antiquities described in the indictment:

1. a set of three nesting Egyptian wood sarcophagi, bearing the name "Shesepamutayesher" and the title "Lady of the House," circa 664-111 B.C., including:

    (a) one Egyptian wood inner sarcophagus seized on or about September 8, 2009 from defendant Khouli's residence in Brooklyn, New York;

    (b) one Egyptian wood inner sarcophagus seized on or about November 4, 2009 at the Port of Newark, New Jersey; and

    (c) one Egyptian wood outer sarcophagus lid seized on or about November 4, 2009 at the Port of Newark, New Jersey;

2. one Greco-Roman style Egyptian sarcophagus seized on or about July 13, 2011 from defendant Lewis's residence in Chesterfield, Virginia;

3. one set of Egyptian funerary boats seized on or about July 13, 2011 from defendant Lewis's residence in Chesterfield, Virginia; and

4. one set of limestone figures seized on or about July 13, 2011 from defendant Lewis's residence in Chesterfield, Virginia.

You may call me to arrange a mutually convenient time to inspect, copy, and/or photograph the evidence described above and any other original materials discoverable under Rule 16.

IV. <u>Reports of Examinations and Tests</u>

The NSF Arizona Accelerator Mass Spectrometry Laboratory at the University of Arizona performed an analysis of wood samples taken from each of the three nesting sarcophagi recovered by law enforcement in this case. Results of the

laboratory's radio-carbon dating analysis are enclosed and bear Bates-numbers KHOULI 2072 through 2074. The government will further provide the defendant with copies of any additional reports of examinations or tests in this case as they become available.

V.   Expert Testimony

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) by notifying you in a timely fashion of any expert that the government intends to call at trial and providing you with the expert's credentials and a summary of the expert's opinion.

At present, the government intends to call experts at trial to testify about (1) the Customs entry process and applicable Customs laws and regulations, (2) smuggling techniques, (3) Egyptian laws pertaining to exportation and ownership of Egyptian antiquities, and the (4) authenticity and nature of Egyptian artifacts seized in this case.

The experts' respective identities, qualifications, and the bases for their conclusions will be provided to you when they become available.

VI.  Other Materials

The government is aware of its ongoing disclosure obligation pursuant to Rule 16 and will continue to produce discovery as it becomes available.

The government is aware of and will comply with its obligation to produce exculpatory information or material within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

The government will furnish you before trial with information or material regarding payments, promises or immunity, leniency, or preferential treatment, if any, made to prospective witnesses within the scope of Giglio v. United States, 405 U.S. 150 (1972), and Napue v. Illinois, 360 U.S. 264 (1959).

The government will also furnish before trial materials discoverable pursuant to Title 18, United States Code, Section 3500.

VII. <u>Other Crimes, Wrongs or Acts</u>

The government will provide the defendants with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

<u>The Defendants' Required Disclosures</u>

The government hereby asserts its right to reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. As to each defendant, the government requests that the defendant allow inspection and copying of (1) any books, papers, documents, photographs, tapes, tangible objects, or copies or portions thereof, which are in the defendant's possession, custody, or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession, custody, or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial or that were prepared by a witness whom the defendant intends to call at trial.

As to each defendant, the government also requests that the defendant disclose at least forty-eight hours prior to the testimony, prior statements of witnesses who will be called by the defendant to testify, pursuant to Fed. R. Crim. P. 26.2.

As to each defendant, the government also requests that the defendant disclose a written summary of testimony the defendant intends to use as evidence at trial under Rules 702, 703 and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for those opinions, and the witnesses' qualifications.

As to each defendant, pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

As to each defendant, pursuant to Fed. R. Crim. P. 12.1(a), the government hereby demands written notice, to be served within ten days of this demand, if the defendant intends to offer a defense of alibi. The written notice shall state the specific place or places at which the defendant claims to have been at the time of the alleged offenses, and the names and

addresses of the witnesses upon whom the defendant intends to rely to establish such alibi. The offenses took place at the location, dates, and times specified in the Complaint and Indictment.

If you have any questions or further requests, please do not hesitate to contact me.

                                      Very truly yours,

                                      LORETTA E. LYNCH
                                      United States Attorney

                            By:   /s/ Karin K. Orenstein
                                    Karin K. Orenstein
                                    Assistant U.S. Attorney
                                    (718) 254-6188

Enclosures

cc: Clerk of Court (ERK) (w/o enclosures)

**Recipient List**

Gerald L. Shargel, Esq.
Ross M. Kramer, Esq.
Law Offices of Gerald L. Shargel
570 Lexington Avenue, 45th Floor
New York, New York 10022
(212) 446-2323


Henry Mazurek, Esq.
Clayman & Rosenberg LLP
305 Madison Avenue, Suite 1301
New York, New York 10165
(212) 922-1080


Peter Chavkin, Esq.
Bridget M. Rohde, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
666 Third Avenue
New York, New York 10017
(212) 935-3000