

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

WMN:KKO
F.#2009R00637

*271 Cadman Plaza East*

*Brooklyn, New York 11201*

May 24, 2012

By Hand and ECF

The Honorable Steven M. Gold
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>   Re:  United States v. Salem Alshdaifat, et al.
>        Criminal Docket No. 11-340 (ERK)(SMG)

Dear Judge Gold:

The government respectfully submits this letter pursuant to the Court's Order of May 18, 2012 (the "Order"). In the Order, the Court denied the defendants' motion for a Bill of Particulars with the exception that the government was directed to "identify any regulations, treaty provisions, or foreign laws it will rely on at trial as 'laws' in connection with the charge that defendants 'fraudulently or knowingly import[ed or brought] into the United States, any merchandise, contrary to law' in violation of [Title 18, United States Code, Section 545]."

I.   The "Contrary to Law" Provisions of Section 545

The Indictment charges defendants Salem Alshdaifat and Joseph A. Lewis II with both conspiring to smuggle Egyptian Antiquities (Count One) and substantive counts of smuggling contrary to Title 18, United States Code, Section 545 (Counts Four through Seven). Section 545 contains two paragraphs, each of which creates a separate crime. United States v. UCO Oil Co., 546 F.2d 833, 837 (9th Cir. 1976); United States v. Place, 757 F. Supp. 2d 60, 62 (D. Mass. 2010). Each paragraph of Section 545, in turn, establishes "alternative" methods of committing each crime. United States v. Lawson, 618 F. Supp. 2d 1251, 1256 (E.D. Wash. 2009), affirmed, 377 Fed. Appx. 712, 715, 2010 WL 1735368, *1 (9th Cir. 2010). The statute may therefore be read as creating the following four offenses:

Paragraph 1, Elements of "Offense 1-A"

    knowingly and willfully, with intent to defraud the United States

        smuggles
 or  clandestinely introduces
 or  attempts to smuggle or clandestinely introduce

    into the United States

    any merchandise which should have been invoiced;

Paragraph 1, Elements of "Offense 1-B"

    knowingly and willfully, with intent to defraud the United States

        makes out or passes
 or  attempts to pass

    through the customhouse

    any false, forged, or fraudulent invoice, or other document or paper;

Paragraph 2, Elements of "Offense 2-A"

    fraudulently or knowingly

    imports or brings into the United States

    any merchandise contrary to law; and

Paragraph 2, Elements of "Offense 2-B"

    fraudulently or knowingly

        receives, conceals, buys, sells
 or  in any manner facilitates the transportation, concealment, or sale

    of such merchandise [imported or brought into the United States contrary to law] after importation

    knowing the same to have been imported or brought into the United States contrary to law.

The Indictment charges the defendants with committing all four of the above offenses. Per the Court's Order, the government below identifies those laws applicable to Offense 2-A. However, the government notes that the same laws necessarily apply to Offense 2-B as well.

## II. Specification of The Laws Contravened by the Defendants

The Indictment alleges that the defendants acted contrary to law by providing Customs with false declarations of county of origin, seller, consignee and purchaser; providing Customs with vague and misleading descriptions of shipments' contents; failing to declare that multiple shipments contained a single purchase or to declare the full value of that purchase; and failing to file entry on international mail shipments, and accordingly, failing to make required declarations regarding those shipments. (Indictment at ¶ 13).

The applicable Customs regulations that were violated by the above-described conduct are contained in Title 19, Code of Federal Regulations, Part 141 ("Entry of Merchandise"), Part 142 ("Entry Process"), Part 143, Subpart C ("Informal Entry"), and Part 145 ("Mail Importations"). The individual regulations within these parts and subpart operate in conjunction with each other and incorporate additional regulations by reference.

In addition, by making material false statements to Customs, the charged conduct was contrary to Title 18, United States Code, Section 542 ("Entry of Goods by Means of False Statements"). See, e.g., United States v. An Antique Platter of Gold, 184 F.3d 131, 134-37 (2d Cir. 1999)(finding that a false declaration regarding an item's country of origin violated Section 542, and the importation was therefore "contrary to law" for purposes of forfeiture of that item pursuant to Section 545).

The government reserves the right to supplement this list in advance of trial should it identify additional relevant regulations or laws.

                                      Respectfully submitted,

                                      LORETTA E. LYNCH
                                      United States Attorney

                            By: /s/ Karin Orenstein
                                Karin Orenstein
                                Assistant U.S. Attorney
                                (718) 254-6188

cc: Counsel of Record (by ECF)
    Clerk of Court (ERK, SMG) (by ECF)